# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-cr-0008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    FREDDIE LEE MALOY,

        Defendant.

---

## ORDER GRANTING MODIFICATION OF CONDITIONS OF RELEASE

---

This matter is before the court on the Motion to Amend the Conditions of Pre-Trial Release Pursuant to 18 U.S.C. §§ 3142(c)(3) & 3142(f)(2) ("Motion to Modify"), filed by Defendant Freddie Lee Maloy on March 12, 2020 [#20], which was referred to the undersigned Magistrate Judge pursuant to D.C.COLO.LCrR 57.1 and the Memorandum dated March 13, 2020 [#21]. In the Opposed Motion to Modify, Defendant seeks to be released from residing at the halfway house pending trial in this matter. This court has confirmed that the Pretrial Services Office does not have an objection to the relief sought by his Motion, but the Government opposes the Motion and filed a Response that has been placed under Level 2 Restriction. [#23; #26].

Pursuant to the Bail Reform Act, a judicial officer may at any time amend the order to impose additional or different conditions of release. 18 U.S.C. § 3142(c)(3). Under § 3142(f)(2), a detention hearing may be reopened at any time before trial if the judicial officer finds that

information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2).

As an initial matter, it is unclear whether Mr. Maloy is obligated to establish that there are changed circumstances for two reasons. First, this court is not persuaded that it needs to reopen the detention hearing. Although the Government in its Response suggests that Mr. Maloy should now be taken into custody and detained pending trial, the Government did not pursue review of the Order Setting Conditions [#15] when it was entered on January 22, 2020 and it has failed to present this court of any circumstances unknown to the court at the time it determined that release was appropriate that would warrant detention at this time. Indeed, in comparing the Government's Response to the recording of the proceeding, the Government merely re-argues the same factors that did not justify detention in the first instance. Second, as conceded by the Government in its Response, this court contemplated that Mr. Maloy might file such a motion to amend the conditions of his release once the firearms were removed from his residence. The court was not persuaded then, nor is it persuaded now, that the Government has carried its burden, even in light of the presumption, that the risk of flight and/or risk to the community requires detention. While Mr. Maloy had significant convictions in his criminal history, his manslaughter conviction occurred in 1995, and he served his sentence for it. In addition, Mr. Maloy successfully served his 24-month probation for his conviction of carrying a concealed weapon. In light of these facts, this court determined that Mr. Maloy's family connections, sustained employment, and stable housing rebutted the presumption, and that conditions or a combination of conditions could reasonably assure Defendant's appearance at future proceedings and address

the risk of danger to the community.

Even if Mr. Maloy was required to present evidence of changed circumstances, this court is persuaded that he has done so. Upon consultation with his supervising officer, this court understands that Mr. Maloy has been fully compliant with the terms of his pretrial release; he has continued to have substantial familial support; and he has support of his employer and continues to be employed, working the most hours that he can while still abiding by the halfway house rules for the amount of time he is permitted to be off-premises per day. In addition, he continues to have an active role in the lives of his children. Finally, the court notes that this instant action arises from conduct that allegedly occurred in 2017 and the Government did not indict this Defendant until 2020, and there appears to be no adequate justification for requiring Mr. Maloy to bear the costs and restrictions of residing in a halfway house when Pretrial Services has deemed his home residence appropriate for pretrial release or the burdens and costs of location monitoring.

Because of the nature of the ongoing COVID-19 pandemic and the stay-at-home order issued by the City of Denver, it will not require Defendant or counsel to personally appear for a hearing on this Motion or for in-person advisement on the change in Mr. Maloy's pretrial release conditions. Based on the court's review of the motion and the record before it, **IT IS ORDERED** that:

(1)     Defendant's Motion to Amend the Conditions of Pre-Trial Release Pursuant to 18 U.S.C. §§ 3142(c)(3) & 3142(f)(2) as to Defendant Freddie Lee Maloy [#20], is **GRANTED**;

(2)     Defendant Maloy's conditions of release [#15 at 2] are **AMENDED** to eliminate the requirement of Defendant to reside at a halfway house;

(3)    All other conditions for release set by the court [#15] **REMAIN SET**;

(4)    Defendant Maloy is **ADVISED** that failure to comply with this Order or the

Order Setting Conditions of Release [#15] may result in a warrant for his arrest,

further modification of his Conditions for Release, or revocation of his release;

and

(5)    Defendant Maloy shall **CONTACT** his supervising officer no later than

**March 25, 2020** to arrange for his release from the halfway house.


DATED:  March 23, 2020                    BY THE COURT:

Nina Y. Wang
United States Magistrate Judge